FILED

March 6, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 2:40 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **LEE A. WALTON, SR.,** | ) | **Docket No.: 2015-08-0306** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 60505-2015** |
| **AVERITT EXPRESS,** | ) | |
| **Employer.** | ) | **Judge Allen Phillips** |
| | ) | |

## COMPENSATION HEARING ORDER DENYING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on February 8, 2017, for a Compensation Hearing. Mr. Walton requested medical and disability benefits for alleged back and neck injuries. Averitt contended he failed to establish a causal connection between those injuries and his employment. Accordingly, the central legal issue is whether Mr. Walton established by a preponderance of the evidence that his injuries arose out of his employment at Averitt. The Court finds Mr. Walton did not do so and denies his claim for the requested benefits.

### History of Claim

After an Expedited Hearing, the Court issued an Order Denying Medical and Temporary Benefits on March 7, 2016. Afterward, the Court scheduled a Compensation Hearing for August 30, 2016. The Court subsequently continued that hearing on two separate occasions, the first because Mr. Walton became a self-represented litigant, and a second time because the parties had failed to participate in post-discovery mediation. When the parties completed mediation, the mediating specialist issued a Dispute Certification Notice that listed compensability and medical, temporary, and permanent disability benefits as disputed issues.

At the Compensation Hearing on February 8, Mr. Walton provided the same testimony and offered the same exhibits, with two exceptions, as at the Expedited Hearing. As pertinent, Mr. Walton is a fifty-two-year old resident of Tipton County, Tennessee, who possesses a ninth-grade education. He testified he drove a truck for Averitt. While unloading a trailer in Louisiana on January 15, 2015, he injured his neck

1

and back when jumping to avoid a heavy rolling container. On his return home to Memphis, he reported the injury to Averitt's insurance adjuster. The adjuster told Mr. Walton she would schedule an appointment with Dr. Stephen Waggoner, an orthopedic surgeon, who had treated Mr. Walton for a September 2014 injury at Averitt. Mr. Walton claimed the adjuster told him Dr. Waggoner was to evaluate only Mr. Walton's back, despite his telling the adjuster about neck pain.

Mr. Walton instead sought care on his own at Delta Regional Medical Center in Mississippi where he reported back and neck pain "radiating to both arms." He underwent CT scans of his cervical and lumbar spine. Mr. Walton then sought care on his own with Dr. Adelman at Baptist Hospital in Memphis in January 2015. He complained of "left neck pain onset Sept 2014" and low back pain. Specifically, he was "reversing his truck and had an accident" where he "jerked" his neck. He claimed to have "returned to work 9 days ago and the pain has worsened." MRIs of the cervical and lumbar spine showed "mild" abnormalities, and Dr. Adelman released Mr. Walton with diagnoses of a bulging lumbar disc and cervical stenosis. He advised Mr. Walton to follow-up with the "Workmans [sic] Comp" physician.

Mr. Walton saw the authorized treating physician (ATP), Dr. Waggoner, on February 4, 2015, who noted Mr. Walton was there, "for evaluation of his lower back." He recorded a detailed history that Mr. Walton injured his back on "8/22/2014" when he "backed his truck up and ran into a dock." The impact "jarred his neck and back." Dr. Waggoner noted he had treated Mr. Walton for his neck after that incident and that he had released him from the standpoint of his neck on December 12, 2014. Dr. Waggoner further recorded a history that Mr. Walton's "pain got worse" in January 2015 and that CT scans of the neck and back performed in Mississippi were "within normal limits."

Dr. Waggoner recorded findings regarding only Mr. Walton's back and not his neck. However, he did review both the lumbar and cervical MRIs from Baptist and noted the MRIs showed no disc herniations, spinal cord impingement, or nerve root compression. He diagnosed "chronic low back pain," found no indication for surgical intervention, and released Mr. Walton to regular duty. Mr. Walton testified Dr. Waggoner only "looked at my back and not my neck," despite his complaints of neck pain. He requested a second opinion.

Averitt denied the second-opinion request. Thus, Mr. Walton sought unauthorized care from Dr. Madiha Mar on February 11. She noted Mr. Walton had suffered lower back pain for "5 months." A health questionnaire completed by Mr. Walton indicated he was there for "neck and back pains." Dr. Mar recorded that Mr. Walton reported his injury, "happen [sic] at work" but there was "no fall." She diagnosed lumbago, took Mr. Walton off work for two weeks and recommended he see a surgeon.

Based upon her recommendation, Mr. Walton saw Dr. Laverne Lovell, a

2

neurosurgeon, who performed a three-level cervical fusion. Mr. Walton placed no records from Dr. Lovell into evidence other than off-work slips dated April 21, 2015, and August 12, 2015.

At the time of the Compensation Hearing, Mr. Walton remained off work per Dr. Lovell. However, because Averitt terminated him in September 2015 due to lost time, he no longer had medical insurance for further treatment, but indicated Dr. Lovell had discussed the possibility of further surgery. Mr. Walton requested temporary and medical benefits. He offered no specific testimony regarding permanent disability.

For its part, Averitt argued Mr. Walton failed to establish a compensable injury on January 15, 2015. Specifically, it pointed to the records of Drs. Adelman and Waggoner, which attributed Mr. Walton's "back pain . . . to his previous injury" in September 2014. Because his back condition pre-existed January 15, 2015, the event of that date was a non-compensable aggravation of pain alone. Averitt elicited testimony from Mr. Walton on cross-examination to the effect that he had "experienced" back pain between September 2014 and January 15, 2015.

Averitt also argued that Mr. Walton had requested only benefits for a back injury. Mr. Walton disagreed that the request for benefits in this case was *only* for his back; instead, he claimed both his back and neck were injured. Regarding his neck, he admitted Dr. Waggoner had released him regarding the September 2014 neck injury before the January 15, 2015 event. However, he contended the January event caused his need for medical treatment.

**Findings of Fact and Conclusions of Law**

*Standard applied*

At a Compensation Hearing, Mr. Walton must establish he is entitled to the requested benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2016). Though Mr. Walton elected to represent himself, as is his right, he still "must comply with the same standards to which parties with legal counsel must adhere." *Thurmond v. Yates Servs.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 34, at *6 (Sept. 8, 2015). Further, the Court takes judicial notice of the evidence offered at the Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012) (a court is permitted to take judicial notice of the facts from earlier proceedings in the same action).

*Applicable authority*

For his injury to be compensable under the Workers' Compensation Law, Mr. Walton must establish that it was caused by a specific incident, or set of incidents,

identifiable by time and place of occurrence, and arising primarily out of and in the course and scope of his employment. He must also produce medical testimony, within a reasonable degree of medical certainty, that his employment contributed more than fifty percent in causing his injury. To establish a reasonable degree of medical certainty, a physician must provide an opinion that the injury is more likely than not related to the employment when considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(A)-(D) (2016).

*Mr. Walton established a specific incident*

The Court finds Mr. Walton established the first required element of a compensable injury by a preponderance of the evidence; namely, a specific incident identifiable by time and place of occurrence. The uncontroverted evidence was that he jumped from a trailer to avoid a heavy rolling container, allegedly injuring his neck and back in the process.

*Mr. Walton did not establish, to a reasonable degree of medical certainty, an injury arising primarily out of his employment*

However, the Court finds the medical evidence fails to show that the incident contributed fifty percent or more to Mr. Walton's injuries to a reasonable degree of medical certainty. The Court looks first to Mr. Walton's lay testimony. When doing so, the Court finds Mr. Walton credible. He testified concisely and without hesitation regarding the January 15, 2015 events. Thus, the Court finds he suffered neck and back pain when he jumped from a trailer.

However, upon careful review of the medical records, the Court finds no expert opinion that Mr. Walton's neck and back pain resulted in injury. The absence of such expert opinion is fatal to his claim. In so finding, the Court notes the records of Delta Regional contain no reference to the specific incident. Dr. Dar records a history of low back pain pre-dating the incident. Dr. Adelman noted neck pain but provided no causation opinion. Finally, Dr. Waggoner offered no causation opinion regarding the January 15, 2015 event and stated he released Mr. Walton from treatment for the neck. There are no medical records from Dr. Lovell, the operating surgeon. The Court specifically reviewed each of the records offered by Mr. Walton that he did not offer at the Expedited Hearing and finds they constitute duplicates of those already submitted.

The Court considered Mr. Walton's position that Dr. Waggoner only examined his back despite his neck complaints both to the doctor and to the adjuster. However, Dr. Waggoner specifically stated in his February 4, 2015 note that he reviewed the cervical MRI and it showed no cord impingement or nerve root compression. Thus, the evidence establishes Dr. Waggoner did consider a post-incident cervical MRI. After that review, Dr. Waggoner mentioned nothing regarding the neck and did not recant his release of Mr.

4

Walton in December 2014, following treatment of the September 2014 injury.

In *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *10 (Aug. 18, 2015), the Appeals Board stated, "[w]ith respect to the element of medical causation, it was traditionally the employee's burden to offer expert medical proof of causation '[e]xcept in the most obvious, simple and routine cases.'" Mr. Walton's injury is not so obvious as to remove the need for expert proof of causation. Instead, he must establish causation and his "lay testimony . . . without corroborative expert testimony, [does] not constitute adequate evidence of medical causation." *Id.* at *12.

Accordingly, the Court holds Mr. Walton did not establish entitlement to any benefits by a preponderance of the evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Walton's claim against Averitt for the requested benefits is denied.

2. Averitt shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016) directly to the Clerk within five business days of the date of this final order, for which execution may issue as necessary.

3. Averitt shall file a Statistical Data form within ten business days of entry of this final order.

**ENTERED this the 6th day of March, 2017.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Lee A. Walton, Sr.
2. Medical Records of Delta Regional Medical Center
3. Medical Records of Baptist One Care and Baptist Hospital
4. Medical Records of Dr. Stephen Waggoner
5. Medical Records of Semmes-Murphey Clinic
6. Medical Records of Methodist-LeBonheur Healthcare

7. Off-work slip from Delta Regional Medical Center
8. Proof of Delivery form from Dollar General Store of January 15, 2015
9. Averitt Request for Leave of Absence Form completed by Mr. Walton
10. First Report of Work Injury
11. Mileage Reimbursement Request completed by Mr. Walton
12. Medical bills from various providers introduced by Mr. Walton
13. Supplemental Medical Records of Baptist One Care
14. Supplemental Records of Baptist Memphis Orthopedic Group

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice (December 15, 2016 - post-discovery)
3. Order of Continuance (September 2, 2016)
4. Notice of Compensation Hearing (September 13, 2016)
5. Notice of Rescheduling Compensation Hearing (October 5, 2016)
6. Order of Continuance and Referral to Mediation (November 4, 2016)
7. Notice of Expedited [sic] Hearing (December 29, 2016)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Lee A. Walton, Self-Represented Employee | X | | X | leewltn@gmail.com |
| Gregory C. Morton, Employer's Counsel | | | X | greg@sparkman-zummach.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7